E O D APR 15 2002

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re: )
)
) Case No. 02-07378
)
EDGEWATER MEDICAL CENTER, ) Chapter 11
)
) Judge BLACK
)
Debtor/Debtor-in-Possession. )
)

## FINAL ORDER AUTHORIZING AND RESTRICTING
## USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION
## PURSUANT TO SECTIONS 361, 363, 364, 506 AND 552 OF THE BANKRUPTCY CODE

This matter coming to be heard by motion (the "Motion") of the Debtor, Edgewater Medical Center, for final approval of that certain Interim Stipulation and Order Authorizing and Restricting Use of Cash Collateral and Granting Adequate Protection Pursuant to Sections 361, 363, 364, 506, and 552 of the Bankruptcy Code (the "Cash Collateral Order") and due and proper notice of the Motion having been provided to all persons entitled thereto, the Court having fully considered all objections to the Motion and to entry of this Order, the Court having determined that entry of this Order is in the best interest of the Debtor's estate, and the Debtor, Dexia Credit Local, acting through its New York Agency, ("Dexia") and the Official Creditors Committee (the "Committee") in this case having stipulated to entry of this Order,

IT IS HEREBY ORDERED THAT:

1. The Cash Collateral Order, as hereinafter modified, is approved as a final order after a final hearing.

2. The Cash Collateral Order is hereby modified as follows:

90

a. Paragraph 3 of the Cash Collateral Order is deleted in its entirety and in its place is substituted the following new paragraph 3:

"3. The Debtor has furnished to Dexia a budget for weekly cash receipts and expenditures for three weeks, March 22, 2002, which budget is attached hereto as Exhibit A, and has also furnished budgets for the month of April, 2002. Commencing with expenditures anticipated on and after May 1, 2002, the Debtor shall furnish to Dexia and the Committee, not less than monthly, and not less than five (5) days before funds are expended for anticipated items, ongoing budgets setting forth the Debtor's anticipated weekly expenditures (each such budget, the "Budget"). The Debtor shall comply, in all reasonable respects, with the final form of the Budget submitted to Dexia and the Committee. The Committee shall have the right to request that the Court deny the Debtor the right to use Cash Collateral for an item set forth in a Budget so long as the Committee obtains such relief from the Court prior to the expedition of funds for such purpose. The Debtor shall not expend funds on Budget items objected to by Dexia without prior Court order.

b. The following language is added subsequent to the word "aggregate" and prior to the ";" in paragraph 14(g) of the Cash Collateral Order:

2

"it being understood, however, for purposes of this Stipulation and Order, that (i) an order granting relief from the automatic stay with respect to the $435,000 plus interest which is presently being held by the Clerk of the Court in Case No. 01M717294 in the Circuit Court of Cook County, Illinois, Municipal Department – First Division, entitled Edgewater Property Company vs. Edgewater Medical Center, and (ii) a judgment against the trust maintained at LaSalle Bank exclusively to pay certain insured claims [, and any priority claim, to the extent such priority claim is repaid from such avoidance actions granted pursuant to paragraph 5b of this Stipulation and Order], shall not cause a default under this paragraph (g).

c. The number "$20,000" in paragraph 1 of the Cash Collateral Order is deleted and in its place substituted the number "$50,000."

d. The following language is hereby added to the end of paragraph 5a of the Cash Collateral Order:

"Notwithstanding the foregoing, the post-petition lien granted ~~herein~~ [from and after April 12, 2002] in recoveries from avoidance actions pursuant to Sections 544, 545, 547, 548, and 553(b) of the Bankruptcy Code shall secure only an amount equal to: (a) the sum of (i) the Adequate Protection Obligations, plus (ii) the fees and expenses, subsequent to the Commencement Date, of American Express Business Services and Development Specialists, Inc., and other professionals, for services provided to the Debtor at the request of the Debtor ("Third Party Professional Services"), minus (b) the

3

sum of (i) the amounts used to pay for utility services to preserve and maintain the premises owned by the Debtor at 5700 N. Ashland Avenue (the "Premises"), and (ii) amounts used to pay for security services at the Premises. The anticipated fees and expenses for Third Party Professional Expenses shall be estimated in each Budget.

e. The following is added as new paragraph 29 to the Cash Collateral Order:

"Subject to the provisions of this Stipulation and Order, including, without limitation, paragraphs 1 and 8 hereof, and provided that no Event of Default has occurred under this Stipulation and Order, all professionals in this chapter 11 case (the "Professionals") may seek interim compensation in accordance with the following procedure (or such other procedure as may be specifically provided in orders of this Court authorizing the retention of specific professionals):

    a) On or before the 15th day of the month following the month for which compensation is sought (the "Monthly Statement Date"), each Professional will submit a monthly statement to: (i) counsel to the Debtor, Dannen, Crane, Heyman & Simon, 135 South LaSalle Street, Suite 1540, Chicago, Illinois 60603 (Attn: Eugene Crane); (ii) counsel to Dexia,

4

Sidley, Austin, Brown & Wood, Bank One Plaza, 10 South Dearborn Street, Chicago, Illinois 60603 (Attn: Bryan Krakauer); (iii) counsel to the Official Committee of Unsecured Creditors, Much, Shelist, Freed, Denenberg, Ament & Rubenstein, P.C., 200 North LaSalle Street, Suite 2100, Chicago, Illinois 60601 (Attn: Scott N. Schreiber); (iv) the U.S. Trustee, and (v) Timothy R. Casey, Gardner, Carton & Douglas, Quaker Tower, 321 N. Clark St., Chicago, IL., 60610-4795. Each entity receiving such a statement will have fifteen (15) days after the Monthly Statement Date to review the statement. The first statement shall be submitted and served by each of the Professionals by April 29, 2002, and shall cover from the Commencement Date through March 31, 2002.

b) At the expiration of the fifteen (15) day period, Debtor will promptly pay ninety percent (90%) of the fees and one hundred percent (100%) of the disbursements requested in such statement, except such fees or disbursements as to which an objection has been served as provided in

5

        paragraph (c) below. Any Professional who fails to submit a monthly statement shall be ineligible to receive further payments of fees and expenses as provided herein until such time as the monthly statement is submitted.

c)     In the event that any of the Debtor, Dexia, the U.S. Trustee or the Committee has an objection to the compensation or reimbursement sought in a particular statement, such party shall, within fourteen (14) days of the Monthly Statement Date, serve upon the respective professional and the other persons designated to receive monthly statements, a written "Notice of Objection to Fee Statement" setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Professional whose statement is objected to shall attempt to reach an agreement regarding the correct payment to be made. If the parties are unable to reach an agreement on the objection within twenty (20) days after receipt of such objection, the objecting party may file its objection with the Court and serve

6

such objection on the respective professional and the other parties designated to receive monthly statements, ~~parties listed above~~ and the Court shall consider and dispose of the objection at the next interim fee application hearing. Debtor will be required to pay promptly those fees and disbursements that are not the subject of a Notice of Objection to Fee Statement.

BwB

d) Approximately every four (4) months, each of the Professionals shall file with the Court and serve on the parties entitled ~~to notice~~ to receive monthly statements, on or before the 45th day following the last day of the compensation period for which compensation is sought, an application for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses requested for the prior four (4) months. Any Professional who fails to file an application when due shall be ineligible to receive further interim payments of fees or expenses as provided herein until such time as the application is submitted.

BwB

7

e) The pendency of an application for a Court order for compensation or reimbursement of expenses, and the pendency of any Notice of Objection to Fee Statement or other objection, shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above. Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided herein shall bind any party-in-interest or this Court with respect to the final allowance of applications for compensation and reimbursement of Professionals."

f) The following language is hereby added at the end of paragraph 15 of the Cash Collateral Order:

"Dexia shall have the right to waive, in whole, in part, and permanently or for limited time period(s), any Event of Default pursuant to this Stipulation and Order, provided that any such waiver must be express and in writing from Dexia."



3. This Order shall take effect immediately upon entry hereof.

ENTER: /s/ Bruce W. Black
United States Bankruptcy Judge

Dated: April 12, 2002

**EDGEWATER MEDICAL CENTER,**
as debtor and debtor in possession

By: _/s/_____
Name:
Title:

**DEXIA CREDIT LOCAL, acting through its New York Agency**

By: _/s/_____
Name: BRYAN KRAKAUER
Title: Attorney

**THE OFFICIAL CREDITORS COMMITTEE**

By: _/s/ Scott N. Schreiber_
Name: Scott N. Schreiber
Title: Attorney

9