IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                              )
                                    )    Case No. 02-07378
Edgewater Medical Center,           )    Chapter 11
                                    )    Judge Black
        Debtor/Debtor-in-Possession.)

### NOTICE OF MOTION

TO:    ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on Wednesday, the 24th day of November, 2004 at the hour of 9:30 a.m., or as soon thereafter as counsel can be heard, I shall appear before the Honorable Bruce W. Black, Bankruptcy Judge, in the room usually occupied by him as a courtroom in the United States Bankruptcy Court, Everett McKinley Dirksen Federal Building, Courtroom No. 615, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead and shall present the Motion of Debtor for Authority to Enter into Settlement Agreement, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

                                    Crane, Heyman, Simon, Welch & Clar
                                    135 S. LaSalle St., Suite 3705
                                    Chicago, Illinois 60603
                                    (312) 641-6777

STATE OF ILLINOIS      )
                       ) SS
COUNTY OF COOK         )

The undersigned, being first duly sworn on oath deposes and states that a copy of the above and foregoing Notice and the attached Motion of Debtor for Authority to Enter into Settlement Agreement, was sent via first class mail, postage prepaid, from the law firm of Crane, Heyman, Simon, Welch & Clar at 135 S. LaSalle Street, Chicago, Illinois 60603 to the persons listed on the attached Service List on the 15th day of November, 2004, before the hour of 5:00 p.m.

Subscribed and sworn to before me
this 15th day of November, 2004

_____
Notary Public

OFFICIAL SEAL
GRACIELA BALDERAS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 06-23-07

## SERVICE LIST

Roman L. Sukley, Esq.
Office of U.S. Trustee
227 W. Monroe Street, Suite 3350
Chicago, IL 60606

Harold C. Hirshman, Esq.
Sonnenschein, Nath & Rosenthal
233 S. Wacker Dr., Suite 8000
Chicago, IL 60606

Scott N. Schreiber, Esq.
William Hackney, Esq.
Much, Shelist, Freed, Denenberg,
Ament & Rubenstein, P.C.
191 North Wacker Dr., Suite 1800
Chicago, IL 60606

Scott T. Mendeloff, Esq.
Bryan Krakauer, Esq.
Shelly A. DeRousse, Esq.
Sidley, Austin, Brown & Wood
Bank One Plz., 10 S. Dearborn St.
Chicago, IL 60603

Timothy R. Casey, Esq.
George Mesires, Esq.
Gardner, Carton & Douglas
191 North Wacker Dr., Suite 3700
Chicago, IL 60606-1698

Douglas J. Lipke, Esq.
Vedder, Price, Kaufman & Kammholz
222 North LaSalle St., Suite 2600
Chicago, IL 60601

Sara E. Cook, Esq.
McKenna Storer Rowe White & Farrug
666 Russel Ct, Suite 303
Woodstock, IL 60098

John S. Mrowiec, Esq.
Conway & Mrowiec
20 S. Clark, #750
Chicago, IL 60603

Barry A. Chatz, Esq.
Arnstein & Lehr
120 S. Riverside Pl., Ste. 1200
Chicago, IL 60606-3910

Mark J. Rose, Esq.
200 W. Adams, Suite 2850
Chicago, IL 60606

August A. Pilati, Esq.
Gesas, Pilati, Gesas & Golin, Ltd.
53 W. Jackson Blvd., Ste. 528
Chicago, IL 60604

Timothy W. Brink, Esq.
Lord, Bissell & Brook
115 South LaSalle Street, 31st Fl.
Chicago, IL 60603

Sean P. MacCarthy, Esq.
Chittenden, Murday & Novotny LLC
303 West Madison St., Suite 1400
Chicago, IL 60606

David N. Missner, Esq.
William Choslovsky, Esq.
Piper Rudnick
203 North LaSalle St., Suite 1800
Chicago, IL 60601

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: )
) Case No. 02-07378
Edgewater Medical Center, ) Chapter 11
) Judge Black
Debtor/Debtor-in-Possession. )

## MOTION OF DEBTOR FOR AUTHORITY
## TO ENTER INTO SETTLEMENT AGREEMENT

To the Honorable Bruce W. Black, Bankruptcy Judge:

Now comes the Debtor/Debtor-in-Possession, Edgewater Medical Center (the "Debtor"), by its attorneys, Eugene Crane, Arthur G. Simon and the firm of Crane, Heyman, Simon, Welch & Clar, and in support of its Motion for Authority to Enter into Settlement Agreement, states as follows:

1. On February 25, 2002 this Court entered an Order for Relief in the above-captioned matter pursuant to a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code, whereby Edgewater Medical Center was deemed a Debtor-in-Possession as defined in Section 1101 of the Bankruptcy Code.

2. The Debtor is managing its financial affairs as a Debtor-in-Possession. An Official Committee of Unsecured Creditors has been appointed to serve in this reorganization case.

3. The Debtor is an Illinois not-for-profit corporation with principal offices located at 5700 North Ashland Avenue, Chicago, Illinois 60660. The Debtor was in the business of operating a hospital until December, 2001, at which time the Debtor ceased operations. Thereafter, Eugene Crane was appointed the real estate receiver in a foreclosure action instituted by Dexia Credit Local, and on February 25, 2002 Eugene Crane was appointed custodian in a voluntary dissolution action filed by Edgewater Medical Center. In the order appointing him as custodian, Eugene Crane was authorized by the Circuit Court of Cook County, Illinois to file a Chapter 11 petition on behalf of the Debtor.

4. By this Motion, the Debtor seeks authority to enter into the Agreement of Settlement

-1-

and Compromise (the "Agreement") with Dr. Bertram Rosenthal ("Dr. Rosenthal"), a copy of which Agreement is attached hereto as Exhibit "A" and is incorporated by reference herein.

5. Litigation has been commenced which is currently pending in this Court and in the United States District Court for the Northern District of Illinois, against certain of the former directors, officers and managers of the Debtor ("Edgewater Litigation"). Sidley Austin Brown & Wood LLP, as special counsel for the Debtor, has investigated prospective claims that could be brought on the Debtor's behalf against Dr. Rosenthal, one of the Debtor's directors during the time frame relevant to the Edgewater Litigation, and has concluded, in good faith, that settlement and compromise of the Debtor's prospective claims against Dr. Rosenthal would be in the best interest of the Debtor.

6. Pursuant to the Agreement, in consideration for Dr. Rosenthal's full and complete cooperation with the Debtor=s prosecution of its adversary complaint, the Debtor agrees to forego, settle, compromise, and waive any claims that could be brought against Dr. Rosenthal related to or arising from his service on the boards of directors of Northside Operating Company (d/b/a Edgewater Medical Center), Access Community Health Services, Inc., and Vital Community Health Services, Inc., subject to the conditions described in the Agreement.

WHEREFORE, for the foregoing reasons, the Debtor/Debtor-in-Possession, Edgewater Medical Center, by its attorneys, Eugene Crane, Arthur G. Simon and the firm of Crane, Heyman, Simon, Welch & Clar, prays for an entry of an Order:

A) Authorizing the Debtor to enter into the Agreement of Settlement and Compromise with Dr. Bertram Rosenthal, a copy of which Agreement is attached hereto as Exhibit "A;"

B) Deeming notice of hearing of this Motion to be sufficient; and

C)  For such other and further Order as this Court shall deem fit and proper.

                                        Edgewater Medical Center,
                                        Debtor\Debtor-in-Possession

                                        By: _____
                                                One of its Attorneys

Eugene Crane, Esq.
(Atty. Reg. #0537039)
Arthur G. Simon, Esq.
(Atty. Reg. #03124481)
Crane, Heyman, Simon, Welch & Clar,
Attorneys for Debtor/Debtor-in-Possession
135 South LaSalle Street, Suite 3705
Chicago, Illinois 60603
312/641-6777

## AGREEMENT OF SETTLEMENT AND COMPROMISE

WHEREAS litigation has been filed in the United States Bankruptcy Court for the Northern District of Illinois, and in the United States District Court for the Northern District of Illinois, against certain of the former directors, officers and managers of Edgewater Medical Center ("Edgewater" or "Debtor") ("Edgewater litigation");

WHEREAS Sidley, Austin, Brown & Wood, as special counsel for the Debtor, has investigated prospective claims that could be brought on Edgewater's behalf against Dr. Bertram Rosenthal ("Dr. Rosenthal"), one of Debtor's directors during the time frame relevant to the adversary complaint, and has concluded, in good faith, that settlement and compromise of Edgewater's prospective claims against Dr. Rosenthal would be in the best interest of the Debtor;

THE PARTIES HEREBY AGREE AS FOLLOWS:

1) In consideration for Dr. Rosenthal's full and complete cooperation (as defined below) with Debtor's prosecution of the adversary complaint, Debtor agrees to forego, settle, compromise, and waive any claims that could be brought against Dr. Rosenthal related to or arising from his service on the boards of directors of Northside Operating Company (d/b/a Edgewater Medical Center) ("Northside"), Access Community Health Services, Inc. ("Access"), and Vital Community Health Services, Inc. ("Vital").

2) "Full and complete cooperation," for purposes of this agreement, shall require the following:

a) Dr. Rosenthal shall submit to a full debriefing, which may span several face-to-face and telephonic meeting sessions and sporadic follow-up, by counsel for Debtor at times mutually agreeable to Dr. Rosenthal and Debtor's counsel. In this debriefing, Dr. Rosenthal shall provide Debtor's counsel with completely truthful information about all matters


EXHIBIT A

known to him related to or arising from his service on the boards of directors of Northside, Access Community Health Services, Inc. Access, and Vital or the Edgewater litigation. Concealment of any material fact or information shall constitute a breach of the duty of full and complete cooperation.

b) If counsel for Debtor should so choose, Dr. Rosenthal shall execute one or more affidavits confirming the information provided to counsel. If counsel for Debtor should so choose, Dr. Rosenthal shall appear to testify regarding such matters at trial in the United States Bankruptcy Court for the Northern District of Illinois and/or in the United States District Court for the Northern District of Illinois. The parties agree that if Dr. Rosenthal's testimony is requested by Debtor at trial, that Debtor shall pay reasonable expenses directly associated with providing such testimony.

3) The duty of full cooperation commences immediately upon execution of this agreement by the parties. Debtor's prospective claims against Dr. Rosenthal shall not be deemed released, settled, or compromised until conclusion of the debriefing required under paragraph 2(a) of this Agreement.

4) If counsel for Debtor concludes, in good faith, that there is any violation of the duty of full and complete cooperation, as defined in paragraph 2 of this Agreement, the parties agree that the Agreement shall be treated as void, and Debtor will be entitled to bring any claims that could be asserted, as of the date of this Agreement, against Dr. Rosenthal. In such circumstance, Dr. Rosenthal agrees to waive any statute of limitations, laches, or other defense relating to the timing of the bringing of such claims.

Agreed to and entered into on this 22 day of October 2004,

By: _____
Dr. Bertram Rosenthal

Agreed to and entered into on this 22 day of October 2004,

By: _____
Scott T. Mendeloff
SIDLEY AUSTIN BROWN & WOOD LLP
Special Counsel to the Debtor

CH1 3075657v1

3