UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | Case No: 02 B 07378 |
| EDGEWATER MEDICAL CENTER | ) | |
| | ) | Honorable Bruce W. Black |
| Debtor, | ) | |
| | ) | |

**Findings of Fact and Conclusions of Law in Support of Order Awarding to Dexia Credit Local, for Allowance and Payment of Interim Compensation and Reimbursement of Expenses.**

| | | | |
|---|---|---|---|
| Total Fees Requested: | $3,417,185.02 | Total Costs Requested: | $192,592.39 |
| Fees Disallowed: | $ 55,650.00 | Costs Disallowed: | $ 3,253.26 |
| Total Fees Allowed: | $3,361,535.02 | Total Costs Allowed: | $189,339.13 |

**Total Fees and Costs Allowed:** **$3,550,874.15**

THE COURT HAS IDENTIFIED THE NOTED TIME AND EXPENSE ENTRIES THAT HAVE BEEN DISALLOWED IN WHOLE OR IN PART

**(1) Reimbursement Limited to Actual, Necessary Expenses**
        The Court denies the allowance of reimbursement for expenses that were not actually and necessarily incurred by the applicant. *See* 11 U.S.C.§§330(a)(1)(B) & 331. The fee application fails to demonstrate that the requested expenses for photocopies or facsimiles (or both) were actual out-of-pocket disbursements and that the quoted rates were necessary in light of prevailing (and lower) commercial rates. In the absence of such proof, the Court will allow reimbursement of photocopy expenses at a rate of $.10 per page in accordance with prevailing commercial rates and will not allow expenses for facsimiles:

Deduction of $.06 per each of 55,221 copies          $3,253.26

**(2) Lumping**
        The Court may impose a ten percent penalty for "lumping." *In re Wildman*, 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. [citation omitted]. Each type of service should be listed with the corresponding specific time allotment.").

Paralegal charges lumped          $ 600.00

**(3)    Proper Time Increments for Billing**
The court may impose a ten percent penalty for using improper time increments for billing. "Professional persons . . . cannot, in all honesty and reasonableness, charge their clients for increments in excess of one-tenth of an hour." *In re Wildman*, 72 B.R. 700, 726 (Bankr. N.D. Ill. 1987). This penalty will be imposed where time increments larger than one-tenth of an hour are being used. For example, applicants who bill time using quarter-hour increments risk the ten percent penalty.

Penalty for billing in ¼-hour increments                                    $ 50,000.00

**(4)    Clerical Work Not Compensable**
The court disallows the compensation of clerical or stenographic employees of the professional for the performance of routine clerical or administrative activities in the normal course of the professional's business, such as photocopying, secretarial work, or routine filing. Such activities are considered overhead of the professional and are built into the professional's hourly billing rates. *See In re Chellino*, 209 B.R. 106, 114 (Bankr. C.D. Ill. 1996) (Paralegal, but not "clerk" services entitled to compensation at an hourly rate; clerk activities are overhead of the professional); *Souza v. Miguel*, 32 F.3d 1370, 1375 (9th Cir. 1994) (Trustee not entitled to reimbursement or compensation of overhead expenses such as secretarial, stenographic, clerical, and routine messenger services).

Electronic filing, pulling pleadings from court docket,
   coordinating filing, service, and staff                                 $  5,050.00

The Custodian shall reimburse Dexia the sum state above as the total of fees and expenses awarded.


Dated:   _12/19/12_                          Entered:


                                             _Bruce W. Black_

                                             _____
                                             Bruce W. Black
                                             United States Bankruptcy Court